┌─────────────────────────────────────────────┐
│            **NONPRECEDENTIAL DISPOSITION**            │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2017*
Decided November 3, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1861

| | |
|---|---|
| MATTHEW SIPP, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v*. | |
| | No. 16 C 7261 |
| NANCY A. BERRYHILL, | |
| Acting Commissioner of Social Security, | Milton I. Shadur, |
|     *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Matthew Sipp, whose vision is impaired, appeals from a judgment upholding an administrative law judge's determination that he was not disabled between January 13, 2014, and January 29, 2015. We affirm the judgment.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Sipp first applied for SSI and disability insurance benefits in 1993. An ALJ evaluated Sipp's application in 1996 and found that he was entitled to benefits based on his 20/400 uncorrected vision and his inability to tolerate corrective lenses. His benefits were discontinued in 2005. Sipp acknowledges knowing around this time that his benefits had stopped. In December 2005, he applied for disability insurance benefits, but that application was denied the following year.

In early 2014 Sip filed a new SSI application based on his vision difficulties. Another ALJ denied his application, concluding based on examinations conducted by state-agency physicians that his vision had improved substantially, that he could perform unskilled work at all exertional levels, and that he was not disabled from the January 13, 2014 application date to her decision on January 29, 2015.

After the Appeals Council denied review, Sipp sought judicial review. He argued that the discontinuation of his benefits in 2005 was unlawful because he never had received a written notice that his benefits would be terminated. He also contended that, before his hearing, he did not receive the encrypted compact disc that contained the relevant documents from the administrative record (the CD apparently had been mailed to the wrong address), and this impeded his ability to write his brief.

The district judge rejected Sipp's arguments and granted the Commissioner's motion for summary judgment. The judge first determined that Sipp could not appeal the Commissioner's decision in 2005 to terminate benefits because Sipp did not file his appeal within the requisite 60 days, *see* 42 U.S.C. § 405(g). And even if he was unaware at that time that his benefits had been terminated, he should have become aware of the termination once he filed a new application for benefits in December 2005 and stopped receiving them. There was no evidence that Sipp could not file the claim earlier, the court added, and he could not circumvent the 60-day rule by seeking to reopen the earlier decision in his 2014 application. As for the ALJ's 2014 denial of benefits, the judge agreed with the Commissioner that the uncontradicted medical evaluations in the record showed that Sipp no longer was disabled. Finally, the judge found that Sipp was not prejudiced by not receiving the CD before his appeal because he did not point to any information in the administrative record of which he was unaware.

On appeal Sipp first argues that the ALJ erred by refusing to construe his 2014 application as an appeal from the Commissioner's 2005 decision to terminate his benefits. But there was no error. If Sipp wanted to appeal the 2005 ruling, he needed to file a written request with the Appeals Council within 60 days, 20 C.F.R. § 416.1468(a), or otherwise seek an extension of time from the Appeals Council to file an appeal.

*See* 42 U.S.C. § 405(g); *Casey v. Berryhill*, 853 F.3d 322, 326 (7th Cir. 2017); 20 C.F.R. § 416.1468(b); *id.* § 416.1411. Sipp filed, however, not a request for an extension but a new application for benefits. Therefore the ALJ did not error by evaluating Sipp's filing as a new application.

Sipp then insists that the ALJ ignored evidence—the Commissioner's 1996 decision granting him benefits as well as other unspecified "statements." But an ALJ need not give a written evaluation of every piece of evidence as long as she builds a "logical bridge" to her conclusion. *See Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). The ALJ did so here. She considered Sipp's complaints that he suffered from panic attacks and social anxiety, as well as the medical opinions in the record. *See* 20 C.F.R. § 404.1527(b), (c). Sipp does not point to any relevant evidence that the ALJ did not address.

We have considered Sipp's other contentions but none merits discussion.

AFFIRMED.